# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 13-189 |
| MELVIN JACKSON | SECTION: "S" |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Melvin Jackson's Motion for New Trial Pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure for Newly Discovered Evidence (Doc. #127) is **DENIED.**

## BACKGROUND

This matter is before the court on a motion for new trial filed by defendant, Melvin Jackson. Jackson argues that he is entitled to a new trial on Count 1 because he has discovered evidence that a witness against him as to that count presented false testimony at trial.

On August 29, 2013, the Grand Jury in the United States District Court for the Eastern District of Louisiana returned a three-count Indictment against Jackson charging him with (1) conspiracy to distribute greater than one kilogram of heroin (Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(2); (2) felon in possession of a firearm (Count 2), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and, (3) possession with intent to distribute heroin (Count 3), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On April 28, 2015, a jury found him guilty on all three counts. On November 11, 2015, the court sentenced Jackson to 360 months incarceration as to Count 1, 120 months incarceration as to Count 2, and 240 months incarceration as to Count 3, all to be served concurrently. Jackson's term of imprisonment was to be followed by a 5-year term of supervised releases as to Count1, and a 3-year term of supervised release as to Counts 2 and 3.

Jackson appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On December 8, 2016, the appellate court denied the majority of Jackson's claims, but remanded the case for re-sentencing on one issue pertaining to a sentencing enhancement. On March 16, 2017, this court re-considered the sentencing enhancement and re-imposed the original sentence.

On May 11, 2018, Jackson filed the instant motion for a new trial as to Count 1 arguing that he has discovered evidence that a government witness lied at his trial. The government argues that Jackson's present motion is untimely filed.

## ANALYSIS

Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for new trial that is premised "on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The time is not tolled while the matter is on appeal. A prior version of Rule 33 stated that the time for filing a motion for new trial on the ground of newly discovered evidence ran from the "final judgment." The 1998 Amendments to Rule 33 changed the triggering event for the running of the limitations period to the verdict or finding of guilty to provide more consistency in the amount of time available to a defendant to file a timely motion for new trial. Id. at Adv. Comm. Notes 1998 Amendments.

The jury found Jackson guilty on April 28, 2015. Jackson filed the instant motion for new trial more than three years later, on May 11, 2018. Therefore, Jackson's motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Melvin Jackson's Motion for New Trial Pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure for Newly Discovered Evidence (Doc. #127) is **DENIED.**

New Orleans, Louisiana, this   21st   day of June, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**